1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LATA D. SINGH,                          )   1:06cv0648 DLB
                                        )
                                        )   ORDER REGARDING PLAINTIFF'S MOTION
                                        )   FOR AWARD OF ATTORNEY FEES AND
                    Plaintiff,          )   COSTS PURSUANT TO THE EQUAL
                                        )   ACCESS TO JUSTICE ACT
        v.                              )
                                        )   (Document 19)
MICHAEL J. ASTRUE, Commissioner         )
of Social Security,                     )
                                        )
                                        )
                                        )
                    Defendant.          )
_____ )

        This matter is before the Court on a petition for attorney fees and costs under the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on March 19, 2007, by Plaintiff's

attorney, Barbara Rizzo.  Defendant filed an opposition on March 29, 2007, arguing that the

claimed costs and fees are unreasonable and/or excessive.  Plaintiff filed a reply on April 16,

2007.

        The matter is currently before the Court on the parties' briefs, which were submitted,

without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

---

[1] The parties consented to the Jurisdiction of the United States Magistrate Judge.  On August 30, 2006, the
Honorable Oliver W. Wanger reassigned the case to the undersigned for all purposes.

1

**BACKGROUND**

Plaintiff filed this action on May 25, 2006, contesting the ALJ's November 18, 2005, decision denying her application for disability insurance benefits.  On January 12, 2007, pursuant to the parties' stipulation, the Court remanded the case pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff's attorney, Barbara Rizzo, filed this motion on March 19, 2007, requesting $5,098.29 in attorneys' fees and $575.74 in costs pursuant to the EAJA.  Defendant opposed the motion on March 29, 2007, arguing that the fees and costs requested were excessive and/or unreasonable.  On April 16, 2007, Ms. Rizzo filed a reply and requested an additional 4.5 hours for time spent in preparing the reply and $85.28 in costs.  She requests a total of $5,826.60 in attorneys's fees and $661.02 in costs.

**DISCUSSION**

A.    Reasonableness of Attorneys' Fees

Under the EAJA, a prevailing party will be awarded reasonable attorneys' fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A).  An award of attorney fees must be reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

In her motion, Ms. Rizzo requests $5098.29 in attorneys' fees and attaches a declaration setting forth time spent from March 31, 2006, through March 19, 2007.  She requests an additional 4.5 hours for time spent preparing the reply brief, for a total of $5,826.60.  Ms. Rizzo used an hourly rate of $161.85 in calculating her request.  She requests a total of $661.02 in costs.

Defendant does not dispute that counsel is entitled to EAJA fees, nor does he dispute the $161.85 hourly rate.  Rather, Defendant argues that Plaintiff's requests for attorneys' fees is unreasonable.  In so arguing, Defendant asserts that the "claimed 31.5 hours are unreasonable" given the routine legal issues presented and lack of oral argument.  Defendant suggests that the Court lower the award to 25 hours.

1    Defendant's argument, however, is based upon a request of 31.5 hours for time spent

2 litigating the merits of the underlying action.  However, Plaintiff's motion makes it clear that

3 31.5 hours was the *total* time spent on litigating the merits *and* in attempting to settle the EAJA

4 fees.  Ms. Rizzo spent 24.25 hours litigating the merits of Plaintiff's social security appeal and

5 7.25 hours (as of the time of filing the motion) in attempting to settle the fee dispute.  Given

6 Defendant's suggestion of 25 hours and the fact that Plaintiff's counsel actually spent less than

7 that, the Court finds that 24.25 hours is reasonable for time spent litigating the merits of this

8 action, especially where counsel did not represent Plaintiff at the administrative level and

9 Defendant did not stipulate to remand until after the filing of the opening brief.

10    As for the total of 11.75 hours spent attempting to settle the EAJA fees and preparing the

11 instant motion, Defendant does to dispute Ms. Rizzo's entitlement to such fees.  Attorneys' fees

12 for attorney fee litigation are compensable.  *Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991).

13 The requested time is reasonable and will be allowed.

14 B.    Costs

15    Plaintiff requests reimbursement for costs in the total amount $661.02, pursuant to 28

16 U.S.C. § 2412(d)(1)(A), which provides that "a court shall award to a prevailing party other than

17 the United States fees and other expenses, in addition to any costs awarded pursuant to

18 subsection (a). . ."  Defendant does not dispute that Plaintiff is entitled to the $350.00 filing fee,

19 but contends that the remaining costs are not compensable.

20    In support of his argument, Defendant cites 28 U.S.C. § 2412(a)(1), which states, "a

21 judgment for costs, as enumerated in section 1920 of this title, but not including the fees and

22 expenses of attorneys, may be awarded to the prevailing party in any civil action. . ."  Defendant

23 argues that since fees for electronic research, postage, copying and faxing are not enumerated in

24 section 1920, they are not compensable costs.  While these fees may not be compensable under

25 section 2412(a)(1), they are compensable under section 2412(d)(2)(A) as "fees and other

26 expenses."  In *International Woodworkers of America, AFL-CIO v. Donovan*, 792 F.2d 762, 767

27 (9th Cir.1986), the Ninth Circuit upheld an award of costs under the EAJA for telephone calls,

28 postage, air courier and attorney travel expenses because these costs "are ordinarily billed to a

client [and] are routine under all other fee statutes." *See also* *Bullfrog Films, Inc. v. Catto,* 815 F.Supp. 338, 344 (C.D.Cal.1993) (stating that "all reasonable and necessary expenses incurred in a case, which are customarily charged to the client, are recoverable under the EAJA," and granting request for costs that were "reasonably and necessarily incurred," including copying, Federal Express, and telephone charges); *Patterson v. Apfel,* 99 F.Supp.2d 1212, 1215 (C.D.Cal. 2000); *Poole v. Rourke*, 779 F.Supp. 1546, 1573 (E.D.Cal. 1991) (allowing photocopy charges, long distance telephone charges, travel expenses, postage charges and filing fees under EAJA in a social security appeal).

Therefore, Ms. Rizzo is entitled to recover for expenses that are typically billed to a client.  This includes fees for postage, faxes, legal research and copies.  Accordingly, Ms. Rizzo is entitled to all requested costs, in an amount of $661.02.

## AWARD

Accordingly, Ms. Rizzo's motion is GRANTED.  The Court finds that Ms. Rizzo is entitled to an award of $5,826.60 in attorneys' fees (36 hours x $161.85) and $661.02 in costs.

IT IS SO ORDERED.

Dated:   **August 27, 2007**           **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE